IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SMITH AND WESSON M&P FPC 9MM RIFLE, S/N VA91398 AND AMMUNITION AND REMINGTON MODEL 710 .270 CALIBER RIFLE, S/N 71283665 AND ASSOCIATED AMMUNITION,<br><br>Defendants. | Civil Action No. 2:25cv1894 |

<u>VERIFIED COMPLAINT FOR FORFEITURE</u>

AND NOW comes the United States of America, by and through its counsel, Troy Rivetti, First Assistant United States Attorney for the Western District of Pennsylvania, by delegation, and Jill L. Locnikar, Assistant United States Attorney for the Western District, and respectfully represents as follows:

1. Plaintiff, the United States of America, brings this civil action *in rem* for forfeiture to the United States a Smith and Wesson M&P FPC 9mm rifle, s/n VA91398 and ammunition and a Remington Model 710 .270 caliber rifle, s/n 71283665 and associated ammunition, delineated by asset identification numbers 25-FBI-003904 and 25-FBI-003905 (the "Defendant Property"), pursuant to 21 U.S.C. § 881(a)(11).

2. Jurisdiction is predicated upon 28 U.S.C. § 1345 and § 1355(a). Venue is proper under 28 U.S.C. § 1395 and § 1355(b).

3. On May 30, 2025, pursuant to the execution of a federal search warrant of 575 Oaklynn Ct., Apt. 1D, Pittsburgh, Pennsylvania 15220 (the "Residence"), the Federal Bureau of Investigation (the "FBI") seized the Defendant Property from Jerome Barnes ("J. Barnes") and Tierone Barnes, Jr. ("T. Barnes"). The Defendant Property has remained in the Western District of Pennsylvania in the custody of the FBI.

4. Subsequent to the seizure, the FBI instituted administrative forfeiture proceedings against the Defendant Property. T. Barnes filed a claim to the Defendant Property as part of the administrative proceedings.[1] As a result, the United States has instituted this civil forfeiture action against the Defendant Property.

5. As part of FBI's investigation of a drug trafficking organization operating in Western Pennsylvania, the FBI identified J. Barnes and others as conducting narcotics trafficking in violation of 21 U.S.C. § 841. The Investigation revealed that J. Barnes, and others unlawfully sold and distributed controlled substances and generated tens of thousands of dollars of illegal drug proceeds.

6. During the surveillance of J. Barnes, the FBI concluded that the seizure address is the residence of J. Barnes' because he was listed as the renter, and during the months of February, March, April and May of 2025, J. Barnes entered and exited the building in a manner and frequency similar to that of a resident.

7. In mid-March of 2025, FBI observed J. Barnes in the parking lot of the Residence. FBI observed a confidential informant and J. Barnes interact during a controlled purchase. At the Residence, FBI conducted multiple surveillance activities and observed J. Barnes meeting with known members of a drug trafficking organization in the parking lot.

---

[1] The original claim deadline for Tierone Barnes, Jr. was 8/26/25, however, he explained that he was having trouble completing necessary form online. He was granted a 20-day extension.

8. Based on the FBI investigators' training, knowledge and experience, it was determined that J. Barnes supplied the known members of a drug trafficking organization with narcotics for redistribution.

9. On May 30, 2025, during the execution of the federal search warrant at the Residence, J. Barnes was present. Multiple items (indicative of individuals involved in narcotics trafficking) were seized, including the Defendant Property.

10. The Defendant Property was located in a closet in the hallway of the Residence.

11. J. Barnes was detained and taken into custody for a probation violation. He has several prior federal convictions in the Western District of Pennsylvania involving drug trafficking, including conspiring to distribute and possess with intent to distribute controlled substances.

12. T. Barnes was identified as the original purchaser of the Defendant Property on the ATF Trace Report. T. Barnes is the nephew of J. Barnes and lived at the Residence with his uncle. Living in the Residence and observing items indicative of narcotics trafficking, T. Barnes would have been aware of J. Barnes' narcotics trafficking activities and would have known that J. Barnes had access to the Defendant Property which were located in a common area of the Residence

13. By reason of the foregoing, and under the provisions of 21 U.S.C. § 881(a)(11), the Defendant Property is forfeitable to the United States.

WHEREFORE, the United States of America respectfully requests that Judgment of Forfeiture be entered in favor of the United States for the Defendant Property; and that the United States be granted such relief as this Honorable Court may deem just and proper, together with the costs and disbursements of this Action.

TROY RIVETTI
First Assistant United States Attorney

*/s/ Jill L. Locnikar*
Assistant U.S. Attorney
Joseph F. Weis, Jr. U.S. Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 894-7429
jill.locnikar@usdoj.gov
PA ID No. 85892 (AFF)

## VERIFICATION

I am a Special Agent of the Federal Bureau of Investigation, Department of Justice, and the case agent assigned to this case.

I have read the contents of the foregoing complaint for forfeiture and the statements contained therein are true and correct to the best of my knowledge and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on this 8th day of December, 2025.

DANIEL J. GRAMC, Special Agent
Federal Bureau of Investigation